# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MADISON BLEDSOE, an individual,** ) ) ) **Plaintiff,** ) ) v. ) ) **TRIPLE C EXPRESS, INC., a foreign corporation; RUNNING & ROLLING TRUCKING, INC., a foreign corporation; CHARLIE LEE DAILEY, JR., an individual;** ) ) ) ) ) ) ) ) ) ) ) **Defendants.** ) | Case No.: _____ |

## COMPLAINT AND JURY DEMAND

Madison Bledsoe ("Ms. Bledsoe"), through her undersigned counsel, files her Complaint and Jury Demand against Triple C Express, Inc. ("Triple C"), Running & Rolling Trucking, Inc. ("R&R"), and Charlie Lee Dailey, Jr. ("Mr. Dailey"), and states the following:

## PARTIES

1. Ms. Bledsoe is an adult resident citizen of the State of Alabama.

2. Triple C is a foreign corporation incorporated in the State of Mississippi with its principal place of business in the State of Mississippi. Therefore, Triple C is a citizen of the State of Mississippi.

3. R&R is a foreign corporation incorporated in the State of Mississippi wits its principal place of business in the State of Mississippi. Therefore, R&R is a citizen of the State of Mississippi.

4. At the time of the collision forming the basis of this civil action, Triple C was operating in and doing business in the State of Alabama.

5. At the time of the collision forming the basis of this civil action, R&R was operating in and doing business in the State of Alabama.

6. On or about May 17, 2022, Triple C owned and/or leased, maintained, and controlled a 2015 Kenworth commercial vehicle (VIN # 1XKYD49XXFJ408592) involved in a collision with Bledsoe.

7. Mr. Dailey is, upon information and belief, an adult resident citizen of Memphis, Tennessee, who was at all times pertinent to this civil action an employee working for and under the control of R&R and/or Triple C and was the operator of the 2015 Kenworth commercial vehicle (VIN # 1XKYD49XXFJ408592) owned and/or leased, maintained, and controlled by Triple C.

8. All the acts and omissions of alleged in this civil action were acts and omissions that occurred while Mr. Dailey was acting within the line and scope of his employment as an employee of Defendant R&R and/or Triple C.

9. Defendant R&R as a legal entity, can only act through its officers, employees, and agents. As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, R&R is responsible for its tortious acts or omissions that are the direct and proximate cause of injuries to Plaintiff Bledsoe.

10. Defendant Triple C as a legal entity, can only act through its officers, employees, and agents. As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Triple C is responsible for its tortious acts or omissions that are the direct and proximate cause of injuries to Ms. Bledsoe.

## Jurisdiction and Venue

11. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

12. Venue is proper in the United States District Court for the Northern District of Alabama, Southern Division, as the cause of action arose in this district.

**Factual Allegations**

13. Ms. Bledsoe adopts and incorporates paragraphs one (1) through twelve (12) as if fully set out herein.

14. On or about May 17, 2022, Ms. Bledsoe was a front seat passenger in a 2020 Mitsubishi Mirage G4 that was traveling West on I-22 between Hillcrest Road and Cherry Avenue.

15. At the same time and place, Charlie Lee Dailey, Jr. was operating a commercial vehicle that was leased and/or owned by Triple C and was traveling West on I-22 in front of the vehicle occupied by Ms. Bledsoe. Thick smoke was exiting from the commercial vehicle operated by Mr. Dailey and obscuring the sight of Alabama motorists traveling behind it on I-22.

16. At the same time and place, Charlie Lee Dailey, Jr. was employed by and was acting within the line and scope of his employment as a driver and hauler working for the commercial benefit of Defendants R&R and/or Triple C.

17. At the same time and place, the vehicle occupied by Ms. Bledsoe collided with the commercial vehicle operated by Mr. Dailey, as the thick smoke exiting the commercial vehicle obscured the vision of Ms. Bledsoe's driver. The vehicle occupied by Ms. Bledsoe sustained disabling, major, irreparable, and bent-metal damage. It was towed from the scene due to the severity of the damage. Following the collision, Mr. Dailey advised an Alabama State Trooper, who was

present at the scene following the collision, that smoke had been exiting from the commercial vehicle.

18. As a direct and proximate consequence of the collision described in paragraph seventeen (17), above, Ms. Bledsoe was caused to suffer severe personal injuries and damages as described with particularity in paragraph twenty-two (22), below.

## Count One
### Negligence/Wantonness

19. Bledsoe adopts and incorporate paragraphs one (1) through eighteen (18) as if fully set out herein.

20. At the time of the collision forming the basis of this civil action, Mr. Dailey had a duty to refrain from operating a motor vehicle on a public roadway in a negligent and/or wanton manner.

21. Mr. Dailey, while acting at all times in the line and scope of his employment with R&R and/or Triple C breached his duty by negligently and/or wantonly causing or allowing the commercial vehicle that he operated to collide with vehicle occupied by Ms. Bledsoe, including, but not limited to, the following conduct:

a. Failing to leave the public roadway or interstate in a reasonable and timely manner following his discovery of smoke exiting from the commercial vehicle he operated;

b. Failing to leave the public roadway or interstate in a reasonable and timely manner following his discovery of a mechanical defect or failure that caused smoke to exit from the commercial vehicle he operated;

c. Failing to adequately inspect and/or maintain the commercial vehicle before operating it on the public roadway or interstate and creating a danger to the health and safety the motoring public;

d. Failing to operate a commercial vehicle at a reasonable speed under the circumstances and creating a danger to the health and safety of the motoring public

e. Knowingly operating a commercial vehicle unfit for use or travel on the public roadway or interstate and creating a danger to the health and safety of the motoring public;

f. Knowingly operating a commercial vehicle at an unreasonable speed under the circumstances and creating a danger to the health and safety of the motoring public;

  g. Operating his commercial vehicle without adequate training, experience, and qualification; and

  h. Other negligent and/or wanton acts and/or omissions.

22. As a direct and proximate consequence of the conduct of Mr. Dailey, Ms. Bledsoe, who is only nineteen (19) years of age, was caused to suffer severe bodily injuries and related damages, including, but not limited to:

  a. She was caused to be bloodied and suffer broken bones, disfigurement, and other serious bodily injuries to her person that were and are attended by physical pain and suffering;

  b. She was caused to suffer injuries that are permanent in nature;

  c. She was caused and will be caused in the future to incur medical and other expenses in an effort to treat and cure her injuries;

  d. She suffered mental anguish and emotional distress; and

  e. She suffered past, present and future lost earnings and lost earning capacity.

Consequently, Ms. Bledsoe requests that the jury selected to hear this case render a verdict for Ms. Bledsoe and against Mr. Dailey for compensatory damages in an amount that will adequately compensate her for the injuries and damages suffered due to Mr. Dailey's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of Mr. Dailey's conduct and

deter similar future conduct. Furthermore, Ms. Bledsoe requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Two
### *Respondeat Superior*

23.     Ms. Bledsoe adopts and incorporates paragraphs one (1) through twenty-two (22) as if fully set out herein.

24.     At the time and place of the collision forming the basis of this civil action, R&R and/or Triple C was/were the principal, master and/or employer of Mr. Dailey.

25.     At the time and place of the collision forming the basis of this civil action, Mr. Dailey was the agent, servant and/or employee of R&R and/or Triple C.

26.     At the time and place of the collision forming the basis of this civil action, Mr. Dailey was acting within the line and scope of his employment with R&R and/or Triple C and was operating a tractor-trailer in furtherance of the business purposes of R&R and/or Triple C.

27.     As a result of the foregoing, R&R and/or Triple C, as principal(s), are vicariously liable to Ms. Bledsoe for the negligent, wanton, reckless or willful conduct of Mr. Dailey, as agent, which proximately caused injuries and damages to Ms. Bledsoe, as set forth in paragraph twenty-two (22), above.

Consequently, Ms. Bledsoe requests that the jury selected to hear this case render a verdict for Ms. Bledsoe and against R&R and/or Triple C for compensatory damages in an amount that will adequately compensate her for the injuries and damages suffered due to R&R and/or Triple C's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of R&R and/or Triple C's conduct and deter similar future conduct.  Furthermore, Ms. Bledsoe requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Three
## Negligent Hiring, Training, Retention & Supervision

28. Ms. Bledsoe adopts and incorporates paragraphs one (1) through twenty-seven (27), as if fully set out herein.

29. At all times relevant to the events forming the basis of this civil action, R&R and/or Triple C owed a duty to Ms. Bledsoe, and to the other members of the motoring public, to exercise reasonable care in:

   a. Hiring and retaining its/their drivers;

   b. Providing training and instruction to its/their drivers;

   c. Properly supervising its/their drivers;

    d.    Complying with federal, state, or local regulations concerning the inspection, maintenance and operations of its/their commercial vehicles;

    e.    Ensuring that their drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operations of its/their commercial motor vehicles;

    e.    Establishing safe procedures for the operation of its/their commercial motor vehicles; and

    f.    Inspecting, maintaining, and repairing its/their commercial motor vehicles.

30. At all times relevant to the events forming the basis of this civil action, R&R and/or Triple C breached the duties set forth above by failing to use reasonable care in the:

    a.    Hiring of its/their drivers, employees or agents, including Mr. Dailey;

    b.    Training of its/their drivers, employees or agents, including Mr. Dailey;

    c.    Retention of its/their drivers, employees or agents, including Mr. Dailey;

d. Supervision of its/their business operations, by failing to properly monitor the driving habits and records of its/their drivers, employees, or agents in a manner consistent with accepted industry practices, including Mr. Dailey;

e. Instruction of its/their drivers, employees or agents, including Mr. Dailey;

f. Supervision of its/their drivers, employees or agents, including Mr. Dailey;

g. Entrustment of a commercial vehicle to its/their drivers, employees or agents, including Mr. Dailey;

h. Inspection of its/their commercial motor vehicles;

i. Proper execution of its/their business practices and procedures;

j. Compliance with state and federal regulations;

k. Enforcement of its/their drivers', employees' or agents' compliance with state and federal regulations, including Mr. Dailey;

l. Inspection and securement of mechanical booms connected to commercial vehicles in its/their ownership, possession and/or control;

  m. Utilization of available information to properly monitor its/their drivers, employees, or agents, including Mr. Dailey, for compliance with company policies, state regulation and federal regulations; and

  n. Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

31. As the entity or entities that employed and controlled Mr. Dailey, R&R and/or Triple C failed to take the required actions to assure that he was properly hired, trained, retained, and supervised.

32. As a proximate consequence R&R and/or Triple C's breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Mr. Dailey, Ms. Bledsoe suffered the injuries and damages set forth in paragraph twenty-two (22), above.

Consequently, Ms. Bledsoe requests that the jury selected to hear this case render a verdict for Ms. Bledsoe and against R&R and/or Triple C for compensatory damages in an amount that will adequately compensate her for the injuries and damages sustained due to R&R and/or Triple C's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of R&R and/or Triple C's conduct and deter similar future conduct. Furthermore, Ms. Bledsoe requests that the Court enter a judgment consistent with the jury's verdict,

together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

### Count Four
### Negligent/Wanton Maintenance, Operation, Service and/or Repair

33. Ms. Bledsoe adopts and incorporates paragraphs one (1) through thirty-two (32), as if fully set out herein.

34. At the aforesaid time and place, and for some time prior thereto, R&R and/or Triple C was the owner, lessor, and/or lessee of the subject tractor-trailer driven by Mr. Dailey, and as such, had the authority to supervise the maintenance, operation, service and repair of the subject tractor-trailer.

36. R&R and/or Triple C negligently and/or wantonly exercised or failed to exercise said supervisory control over the maintenance, operation, service, and/or repair of the subject tractor-trailer.

37. Said negligent and/or wanton conduct was a proximate cause of Ms. Bledsoe's injuries and damages described above, herein.

38. Mr. Dailey, as a professional driver, negligently or wantonly exercised or failed to exercise due care relating to the discovery, and/or reporting, of the subject tractor-trailer's issue or issues that led to the thick smoke exiting the commercial vehicle. Said negligent and/or wanton conduct was a proximate cause

of Ms. Bledsoe's injuries and damages set forth in paragraph twenty-two (22), above.

Consequently, Ms. Bledsoe requests that the jury selected to hear this case render a verdict for Ms. Bledsoe and against R&R and/or Triple C for compensatory damages in an amount that will adequately compensate her for the injuries and damages sustained due to R&R and/or Triple C's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of R&R and/or Triple C's conduct and deter similar future conduct.  Furthermore, Ms. Bledsoe requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

**PLAINTIFF DEMANDS STRUCK JURY ON ALL CLAIMS TRIABLE.**

Dated: 08.08.2022

                                        Respectfully submitted,


                                        */s/ Forrest H. James, IV*
                                        Forrest H. James, IV (asb-1927-o42g)

                                        *Counsel for Plaintiff*

**OF COUNSEL:**
FOB JAMES LAW FIRM
2226 1st Ave S, Suite 105
Birmingham, Alabama 35223
Telephone: (205) 407-6015
Fob@FobJamesLaw.com

**DEFENDANTS TO BE SERVED CERTIFIED MAIL:**

Triple C Express, Inc.
203 Black Street
Mound Bayou, MS 38762

Running & Rolling Trucking, Inc.
142 Pemple Road
Merigold, MS 38759

Mr. Charlie Lee Dailey, Jr.
1705 Delano Avenue, Apt 28
Memphis, TN 38127-8634